# Arnold&Porter

**John P. Elwood**
+1 202-942-5000 Direct
John.elwood@arnoldporter.com

May 19, 2026

**VIA ECF**

Lyle W. Cayce
Clerk of the Court
U.S. Court of Appeals for the Fifth Circuit
600 S. Maestri Place
New Orleans, LA 70130

> Re:    *Nat'l Infusion Ctr. v. Kennedy*, 25-50661 (5th Cir.) – Response to Notice
> of Supplemental Authority Under Federal Rule of Appellate Procedure
> 28(j)

Dear Mr. Cayce,

Appellants respectfully respond to the government's letter regarding the Supreme Court's denial of petitions for certiorari involving other challenges to the IRA's Drug Pricing Program. The government's letter is misguided and offers no basis to affirm.

First, as the government well knows, the denial of certiorari "should not be taken as expressing an opinion on the merits." *Mass. Lobstermen's Ass'n v. Raimondo*, 141 S. Ct. 979, 981 (2021) (Roberts, C.J., statement respecting denial of certiorari). The Court has "oft-repeated [that] statement." *Id.* "The Court has said this again and again; again and again the admonition has to be repeated." *State of Md. v. Baltimore Radio Show*, 338 U.S. 912, 919 (1950) (Frankfurter, J., statement respecting denial of certiorari).

Second, the government's reliance on the Supreme Court's denial of certiorari is entirely circular: The government opposed certiorari as "premature" on the ground that this Court is still considering Appellants' constitutional challenges. Gov't Br. in Opp. ("BIO"), *Novartis Pharms. Corp. v. Kennedy*, No. 25-902, at 25. The government asked the Supreme Court to allow "[f]urther percolation" because "[t]he Fifth Circuit is currently considering a case presenting a similar" set of issues, BIO, *AstraZeneca Pharms. LP v. Kennedy*, No. 25-348, at 26-27, and the issues are "presently pending before the Fifth Circuit," BIO, *Novo Nordisk Inc. v. Kennedy*, No. 25-761, at 27; BIO, *Janssen Pharms. Inc. v. Kennedy*, No. 25-749, at 34; BIO, *Boehringer Ingelheim Inc. v. HHS*, No. 25-799, at 27. The government

**Arnold & Porter Kaye Scholer LLP**
601 Massachusetts Ave, NW | Washington, DC 20001-3743 | www.arnoldporter.com

**Arnold&Porter**

Page 2

also opposed certiorari in those cases because the petitions did not yet "implicate a circuit split." *See, e.g.*, BIO, *AstraZeneca*, at 14. If this Court "were to deem the Negotiation Program unconstitutional," the government conceded, the Supreme Court "could consider [granting review] at a later juncture." BIO, *Novartis*, at 25. It is bootstrapping for the government to oppose certiorari *because* this Court is still deciding the merits, and then rely on the denial of certiorari as a reason this Court should decide the merits in its favor.

For the reasons discussed in Appellants' briefing and at oral argument on October 7, 2025, the Court should reverse.

Sincerely,

*/s/ John Elwood*
John Elwood
ARNOLD & PORTER
 KAYE SCHOLER LLP
601 Massachusetts Avenue, NW
Washington, DC 20001
(202) 942-5000
john.elwood@arnoldporter.com

Michael Kolber
MANATT, PHELPS & PHILLIPS LLP
New York, NY 10036
(212) 790-4568
mkolber@manatt.com

Tim Cleveland
CLEVELAND KRIST PLLC
303 Camp Craft Road, Suite 325
Austin, TX 78746
(512) 689-8698
tcleveland@clevelandkrist.com

*Counsel for Appellants*